UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SEAN BRUCE HENRY,<br><br>Plaintiff,<br><br>v.<br><br>SERVION, INC.; FELHABER LARSON LAW FIRM; LAUREN M. WEBER; MICROSOFT CORPORATION; GITHUB; GOOGLE LLC; APPLE INC.; META PLATFORMS, INC.; FACEBOOK, INC.; WHATSAPP, INC.; X.COM (TWITTER); WELLS FARGO & CO.; GOLDMAN SACHS; PAYPAL; APPLE PAY; GOOGLE PAY; MICROSOFT WALLET APP; MINNESOTA 2ND DISTRICT RAMSEY COUNTY CIVIL COURT; AARON HALL; JUDGE SARA R. GREWING; and ONE MILLION DOE DEFENDANTS,<br><br>Defendants. | Case No. 25-cv-3350 (LMP/DLM)<br><br>**ORDER DENYING PLAINTIFF'S RULE 59 AND RULE 60 MOTIONS** |

On October 21, 2025, the Court dismissed Plaintiff Sean Bruce Henry's ("Henry") amended complaint without prejudice after conducting a preservice review under 28 U.S.C. § 1915(e)(2). ECF No. 12. Two days later, Henry moved pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) to amend or to reopen the Court's judgment. ECF No. 13.

Rule 59(e) motions serve a "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citation omitted)

1

(internal quotation marks omitted). Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* And Rule 59(e) "is not a vehicle to repeat arguments previously made to and rejected by the Court." *Benson v. Kemske*, No. 17-cv-3839 (MJD/DTS), 2021 WL 323954, at *2 (D. Minn. Feb. 1, 2021) (citing *Voss v. Hous. Auth. of the City of Magnolia*, 917 F.3d 618, 626 n.6 (8th Cir. 2019)).

Rule 60(b) motions relieve a party of a final judgment for various reasons. Although Henry's motion does not identify the provision of Rule 60(b) upon which he relies, such a motion may be granted for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6). Like a Rule 59(e) motion, however, a Rule 60(b) motion "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Henry does not offer a sufficient reason to justify amending or vacating the judgment under either Rule 59(e) or Rule 60(b). He first contends that the amended complaint was dismissed before being served on Defendants, ECF No. 13 at 2, but because Henry requested to proceed *in forma pauperis*, the Court was authorized to review the merits of the amended complaint before it was even served, *see* 28 U.S.C. § 1915(e)(2); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

Henry next argues that the Court dismissed the amended complaint without ruling on his motion to supplement the record. ECF No. 13 at 2. That is not true. The Court

denied Henry's motion to supplement the record because he requested that the Court review hundreds of exhibits to refute the obvious pleading failures in the amended complaint. *See* ECF No. 12 at 9–10. That request was improper. *See Joiner v. Hennepin Cnty. Bd.*, No. 17-cv-1452 (JNE/DTS), 2017 WL 3738456, at *2 (D. Minn. Aug. 30, 2017).

Henry finally asserts that the document alterations alleged in the amended complaint prevented him from fully presenting his claims. *See* ECF No. 13 at 2. The Court has already considered those allegations and found them deficient. ECF No. 12 at 8–10. Neither Rule 59 nor Rule 60 allow Henry to repeat arguments and allegations already found lacking in his complaint. *Benson*, 2021 WL 323954, at *2; *Broadway*, 193 F.3d at 990.

Accordingly, no sufficient basis exists to amend or vacate the judgment under Rule 59(e) or Rule 60(b), so Henry's motion must be denied.

## ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Henry's Rule 59(e) and Rule 60(b) Motions (ECF No. 13) are **DENIED**.

Dated: October 28, 2025      *s/Laura M. Provinzino*
                             Laura M. Provinzino
                             United States District Judge