UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SEAN BRUCE HENRY, | Case No. 25-cv-3350 (LMP/DLM) |
| Plaintiff, | |
| v. | |
| SERVION, INC.; FELHABER LARSON LAW FIRM; LAUREN M. WEBER; MICROSOFT CORPORATION; GITHUB; GOOGLE LLC; APPLE INC.; META PLATFORMS, INC.; FACEBOOK, INC.; WHATSAPP, INC.; X.COM (TWITTER); WELLS FARGO & CO.; GOLDMAN SACHS; PAYPAL; APPLE PAY; GOOGLE PAY; MICROSOFT WALLET APP; MINNESOTA 2ND DISTRICT RAMSEY COUNTY CIVIL COURT; AARON HALL; JUDGE SARA R. GREWING; and ONE MILLION DOE DEFENDANTS, | **ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL** |
| Defendants. | |

On October 21, 2025, the Court dismissed Plaintiff Sean Bruce Henry's ("Henry") amended complaint without prejudice after conducting a preservice review under 28 U.S.C. § 1915(e)(2). ECF No. 12. Three days later, Henry filed a notice of appeal, ECF No. 15, and seeks to proceed in forma pauperis ("IFP") on appeal, ECF No. 16.

A party who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). A party may not proceed IFP on appeal, however, if the district court certifies that the

1

appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3). To determine whether an appeal is taken in good faith, a district court must evaluate whether "the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a [party's] good faith in this type of case demonstrated when [she] seeks appellate review of any issue not frivolous."). A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Even if Henry financially qualifies for IFP status, the Court cannot certify that his appeal is taken in good faith. Henry offers no substantive basis for his appeal, stating only "Fed. R. App. P. 3 and 4" as the issues on appeal. *See* ECF No. 16 at 1. That non-responsive answer renders his application to proceed IFP on appeal procedurally deficient. *See* Fed. R. App. P. 24(a)(1)(C) ("The party must . . . state[] the issues that the party intends to present on appeal."); *Lopez v. Amazon.com Servs., LLC*, No. 23-cv-006 (JRT/DLM), 2023 WL 5000260, at *1 (D. Minn. Aug. 4, 2023) (denying application to proceed IFP on appeal because the appellant did not state the issues he intended to present on appeal). The Court further finds that an appeal of Henry's claims would be frivolous because all of his claims lack "an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Henry's employment-related claims are either non-cognizable or plainly barred by res judicata, ECF No. 12 at 3 n.2, 5–8, and his document alteration claims are either non-cognizable, conclusory, or impermissibly pleaded in group fashion, *id.* at 3 n.3, 8–9. Because all of the claims raised in Henry's complaint are frivolous, the Court denies Henry's IFP application.

## **ORDER**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Henry's Application to Proceed IFP on Appeal (ECF No. 16) is **DENIED**.

Dated: October 28, 2025            *s/Laura M. Provinzino*
                                    Laura M. Provinzino
                                    United States District Judge